IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-1122-WKW |
| | ) | (LEAD CASE) |
| CITY OF MONTGOMERY, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-523-WKW |
| | ) | (MEMBER CASE) |
| CITY OF MONTGOMERY, *et al.*, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff Willie Adams's Motion to Strike New Testimony of Eva Anthony. (Doc. # 83.) Defendants have responded to the motion. (Doc. # 88.)

Defendants submitted Ms. Anthony's affidavit with their Reply Brief in Support of their Motions for Summary Judgment. (*See* Docs. # 76, at 10; 76-3.) In the Affidavit, Ms. Anthony attests that she is an Administrative Secretary for the City Attorney's Office, and that she opens, date stamps, and distributes incoming

mail.  In the course of her duties, she received a relevant document in this case – an EEOC Notice of Right to Sue letter, issued at Mr. Adams's request, on September 30, 2011, and addressed to the City Attorney.  Ms. Anthony declares that she received the notice on behalf of the City Attorney's Office and date stamped it on October 5, 2011, at 10:15 a.m.

Before submitting Ms. Anthony's affidavit, Defendants provided a copy of the date-stamped notice along with their motion for summary judgment (Doc. # 35-4), but the date stamp on the copy in the record is not visible.  Defendants produced the original for the court at the pretrial hearing, and the original date stamp comports with what Defendants have represented to the court in their summary judgment briefing.

In his motion to strike, Mr. Adams argues that the court should strike Ms. Anthony's affidavit because Defendants failed to (1) disclose Ms. Anthony as a witness as required by Federal Rule of Civil Procedure 26(a)(1), or (2) supplement their disclosures as required by Federal Rule of Civil Procedure 26(e)(1)(A).  Mr. Adams asserts that the non-disclosure prejudiced his ability to conduct discovery and to rebut Defendants' summary judgment arguments.  Mr. Adams asks the court to strike the affidavit, pursuant to Federal Rule of Civil Procedure 37(c)(1).  *See id.* ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Defendants respond that the date stamped document to which Ms. Anthony attests is itself admissible as a record of regularly conducted activity pursuant to Federal Rule of Evidence 803(6). Hence, Defendants contend that the date stamped document is adequate, and it is not necessary that they call Ms. Anthony as a witness as trial. Further, even if Defendants needed Ms. Anthony's testimony, they argue it would be solely for the purpose of authenticating the date stamped document. Finally, Defendants point out that the court granted Mr. Adams the opportunity to conduct additional discovery on this limited issue, which cures any prejudice that could result from the late disclosure of Ms. Anthony's testimony.

A few factors are relevant to a court's decision to strike or allow testimony from an undisclosed witness: (1) the importance of the testimony; (2) the reason for the failure to disclose the witness sooner; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). Ms. Anthony's testimony is important, but only because the letter she date-stamped is important. Her testimony shows that the "conditions" of Federal Rule of Evidence 803(6) are satisfied. Defendants made Mr. Adams aware of the relevant document when it filed its first motion for summary judgment on February 22, 2013, almost three

3

months prior to the close of discovery.  (*See* Doc. # 34, at 3 (citing Doc. # 35-4 and stating that the City received the EEOC notice of right to sue letter on October 5, 2011).)  When Mr. Adams filed his opposition brief six months later, he theorized that Defendants received his letter on October 3, 2011, rather than October 5, 2011, and chose to retaliate against him on the same day.  (*See* Doc. #75, at 31–32.)  His argument made the existence of the City's date stamped letter more significant to Defendants' defense, so they proffered Ms. Anthony's affidavit as an exhibit to their reply brief.

Because Mr. Adams had ample time to challenge the authenticity of Defendants' documented evidence, Defendants' subsequent reliance on Ms. Anthony's affidavit in support of their long-disclosed documentary evidence is not unfairly prejudicial to Mr. Adams.  Accordingly, it is ORDERED that the motion to strike (Doc. # 83) is DENIED.

DONE this 27th day of September, 2013.

                                              /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE