IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-1122-WKW |
| | ) | (LEAD CASE) |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WILLIE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-523-WKW |
| | ) | (MEMBER CASE) |
| CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This court entered a memorandum opinion and order granting summary judgment and a final judgment in favor of Defendants on September 27, 2013. (Docs. # 90, 91.) The Eleventh Circuit Court of Appeals affirmed the judgment on June 20, 2014. (*See* Doc. # 101.) The court's final judgment includes no directive concerning taxation of costs.

Before the court is Defendant City of Montgomery's Bill of Costs and Motion for Costs in which the City seeks $2,595.70. (Docs. # 92, 93.)

Specifically, the City requests $2,163.45 for transcript expenses and $432.25 for the cost of making copies. The Bill of Costs and Motion for Costs are supported by the Affidavit of Attorney Stacy Reed explaining her computation of taxable costs.

Plaintiff Willie Adams opposes the City's motion. (Doc. # 95.) Plaintiff asserts that the deposition and trial transcripts for which the City is seeking reimbursement were not used to support the City's motion for summary judgment. Even if the contested transcript expenses are allowable, Plaintiff argues that the City's Bill of Costs includes additional expenses related to transcript preparation – such as copies of exhibits and the provision of disks and mini-transcripts – which Plaintiff says are non-reimbursable "[l]itigation support material." (Doc. # 95, at 2.) Plaintiff also challenges the City's request for fees for copying expenses because the copies were unnecessary and made merely for defense counsel's convenience. (Doc. # 95, at 2–3.) The City was given an opportunity to file a reply (*see* Doc. # 102), but has not done so.

## I. STANDARDS FOR TAXING COSTS

Rule 56(d)(1) provides that "costs . . . should be allowed to the prevailing party" absent some contrary federal statute, federal rule, or court order. Fed. R. Civ. P. 56(d)(1). Even so, a court retains the discretion to refuse to tax costs. Congress has provided that the following costs are taxable:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Courts are bound by the limitations of 28 U.S.C. § 1920 and may not allow taxation of additional costs.  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).  The City's request for costs depends upon paragraphs (2) and (4) of § 1920.

## II. DISCUSSION

### A.   Transcripts

Costs for deposition or trial transcripts that were not "necessarily obtained for use in the case" are not recoverable.  *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 666 (M.D. Ala. 1999) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981)).  The question is not whether the party requesting reimbursement of costs ultimately used or cited the transcripts.  Rather, it is "whether the depositions appeared reasonably necessary at the time they were

taken." *Id.* at 667; *see also U.S. E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). Deposition costs that are "incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only" are not recoverable. *W&O*, 213 F.3d at 620. "The burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken." *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010).

The City seeks its costs for transcripts of trial[1] and deposition testimonies by Plaintiff and Lead Case Defendants James Ivey and Gail Gipson. The City also obtained transcripts of deposition testimony given by Kim McGough, Chris Conway, and Thomas Provitt, all of whom were City employees with knowledge about the circumstances surrounding Plaintiff's claims.

Plaintiff stresses that the City did not include the deposition transcripts as part of its evidentiary submissions at summary judgment. In support of its summary judgment motion, the City submitted affidavit testimony rather than deposition testimony, (*see* Docs. # 36, 37), apparently because it had to meet the

---

[1] Defendant James Ivey testified at trial in a similar but distinct Title VII discrimination case filed by Plaintiff against the City, *Willie Adams v. The City of Montgomery*, No. 2:10-cv-924-MHT.

dispositive motion deadline on February 22, 2013, without the benefit of depositions.  (*See* Doc. # 38, at ¶ 5) (Rule 56(d) motion filed March 12, 2013, where Plaintiff represented that the witnesses had been unavailable for depositions because of the trial in Plaintiff's other civil suit against the City before Judge Thompson).)  Hence, the City obtained the deposition and trial transcripts for which it now seeks reimbursement after it filed its motion for summary judgment in February 2013.  (*See* Doc. # 93-2, at 1 (listing dates of transcript requests).)  After the City moved for summary judgment, this court and the Magistrate Judge granted several extensions of time to permit Plaintiff to conduct discovery and to allow Plaintiff to respond to the motion for summary judgment.  Plaintiff did not file his response in opposition until August 27, 2013.  In view of the circumstances, the court concludes that the City's requests for deposition and trial transcripts between March and July 2013 were reasonably necessary for use in this case because summary judgment briefing was not complete, discovery was ongoing, and it was not yet clear whether any claims would proceed to the trial scheduled for September 2013.  Therefore, Plaintiff's objection to the City's request for taxation of costs for transcripts is due to be overruled.

B.   <u>**Additional Costs Within Transcript Invoices**</u>

Plaintiff also objects to an award of costs for additional expenses on court reporters' invoices for "copies of exhibits, ASCII disk[s], and mini transcript[s]."

5

(Doc. # 95, at 2.) Although it may be customary for attorneys to be invoiced for copies of exhibits, disks, or condensed transcripts, most courts have concluded that such costs are "for the convenience of . . . attorneys" and are not taxable under § 1920. *Powell*, 2010 WL 4116488, at *10 (collecting cases from federal district courts). Accordingly, Plaintiff's objection to taxation of these costs is due to be sustained, and the City's request for transcript costs in the amount of $2,163.45 will be reduced by $282.25 to $1,881.20.

C.  **Copy Costs**

The City seeks costs for 1,729 pages of copies at $0.25 per page. (*See* Doc. # 93-2, at 2.) The City represents that in each of ten instances, two copies were made for each of the two City attorneys working on this case, and in three of ten instances, a third copy was made for the court as a courtesy copy. All of the documents on the City's itemized list were filed electronically with the Clerk of the Court, and therefore, defense counsel received the documents electronically in PDF format via email. Plaintiff contends that electronic filing eliminated the need for defense counsel to generate copies for themselves. He argues that copies made "merely for the convenience of counsel" are not recoverable. (Doc. # 95, at 2–3 (citing *Blevins* and other cases).)

The case law authorities on which Plaintiff relies are not recent, do not specifically address Plaintiff's argument, and do not account for the legal

6

profession's shift toward a reliance upon electronic filing and electronic noticing. In the absence of some authority declaring it unreasonable or unnecessary for counsel to continue to maintain and rely upon hard copies of case files, Plaintiff's objection to the City's request for copy costs under § 1920(4) is due to be overruled.

### III. CONCLUSION

In accordance with the foregoing findings, it is ORDERED that:

(1) The City's Motion for Costs (Doc. # 93) is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff's Objections to the City's Motion for Costs (Doc. # 95) are OVERRULED IN PART and SUSTAINED IN PART; and

(3) The Clerk of the Court is DIRECTED to tax costs against Plaintiff Willie Adams and in favor of the City of Montgomery in the amount of $2,313.45.[2]

DONE this 7th day of July, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This amount accounts for the City's adjusted request for $1,881.20 for transcripts and for $432.25 for copies.